IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CEDRIC TRAVAUGH HOPES, (TDCJ #1932624) | § § § | |
| Petitioner, | § § | |
| v. | § | CIVIL ACTION NO. H-18-1173 |
| LORIE DAVIS, Director, Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## MEMORANDUM AND OPINION

Cedric Travaugh Hopes, a Texas state inmate, has filed a petition for federal habeas corpus relief under 28 U.S.C. § 2241. The petition seeks relief from a state-court conviction and is properly treated as a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The threshold issue is whether Hopes has exhausted his state-court remedies, which he must do for this case to proceed. Based on his pleadings and the law under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the court concludes that he has failed to exhaust and dismisses this petition, without prejudice.

Hopes is incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division as the result of a 2014 state-court conviction in Cause Number 1342020, in Harris County, Texas.[1] Hopes was convicted of aggravated robbery with a deadly weapon and sentenced to a 35-year term. The Fourteenth Court of Appeals of Texas affirmed his conviction and sentence in

---

[1] The court takes judicial notice of information on the status of Hopes's state-court proceedings from publicly available state court records. *See* Website for Harris County District Clerk's Office, available at http://www.hcdistrictclerk.com (last visited on April 16, 2018).

November 2015. *Hopes v. State*, No. 14-14-00403-CR, 2015 WL 6759450 (Tex. App.—Houston [14th Dist.] 2015) (mem. op.). The Texas Court of Criminal Appeals refused discretionary review. *Hopes v. State*, PD-1582-15 (Tex. Crim. App. April 6, 2016). Hopes filed an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. To date, Hopes's application remains pending in the 177th District Court of Harris County, Texas, and has not been forwarded to the Court of Criminal Appeals for resolution.

On April 10, 2018, Hopes executed this federal petition for a writ of habeas corpus to challenge his conviction. Hopes raises the following grounds for federal habeas relief: (1) impermissibly suggestive in-court identification; (2) prosecutorial misconduct in that the State knowingly used perjured testimony; and (3) insufficient evidence.

Under the federal habeas corpus statutes, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). The exhaustion requirement "is not jurisdictional, but reflects a policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Moore v. Quarterman*, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting *Anderson v. Johnson*, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)). An exception is present only if there is no available State corrective process or there are circumstances that make the process ineffective to protect the applicant's rights. *See* 28 U.S.C. § 2254(b)(1)(B). A reviewing court may raise a petitioner's failure to exhaust on its own motion. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001).

To exhaust his state remedies, a habeas petitioner must fairly present "the substance of his claim to the state courts." *Moore*, 454 F.3d at 491 (quoting *Vasquez v. Hillery*, 474 U.S. 254, 258 (1986)). A federal habeas petitioner does not exhaust the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In Texas, a criminal defendant may challenge a conviction by: (1) filing a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; or (2) filing a petition for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

The pleadings in this case and this court's independent review of the available state-court records, demonstrate that Hopes did not raise his federal claims on direct appeal and that his application for a state writ of habeas corpus challenging this conviction remains pending in the trial court. This means that the Texas Court of Criminal Appeals has not yet had an opportunity to address the issues raised in the pending petition. Because this state process remains available, Hopes does not satisfy any statutory exception to exhaustion. This federal habeas petition must be dismissed as premature for lack of exhaustion.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner

to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). This requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). When denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

This court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether Hopes stated a valid claim for relief. No certificate of appealability will issue.

This case is dismissed without prejudice for failure to exhaust the available remedies on the claims to the state's highest court of criminal jurisdiction, as required by 28 U.S.C. § 2254. A certificate of appealablity is denied.

SIGNED on April 16, 2018, at Houston, Texas.

								_____
								Lee H. Rosenthal
								Chief United States District Judge